(21 Misc. Rep. 98.)

### GATCHELL v. DAY, Mayor, et al.

(Supreme Court, Trial Term, Albany County. July, 1897.)

1. CONTRACT OF EMPLOYMENT—ABANDONMENT.
    Laws 1896, c. 905, creating the city of Watervliet, provided that after December 31, 1896, the school district of West Troy should cease to exist. Plaintiff was superintendent of said district, and, having been paid for his services to that date, accepted a position as temporary school superintendent for the new city, the district board having ceased to act. Plaintiff brought this action, but not as a taxpayer, to test the validity of the act of 1896, alleging its unconstitutionality, and seeking to recover his salary as employé of the old board since December 31, 1896. *Held* that, conceding the unconstitutionality of the act, plaintiff, by accepting service under the city, had relinquished his claim as continuing thereafter in the service of the district board.

2. JURISDICTION IN EQUITY—REMEDY AT LAW.
    Also, *held*, that the plaintiff could not recover, having brought his action in equity when he had an adequate remedy at law.

3. ACTION BY TAXPAYER.
    In an action brought by a person, not as a taxpayer, but to enforce a private contract claim against a school board, the rights of the public generally, distinct from such private claim, will not be discussed.

Action by James K. Gatchell against Michael J. Day, mayor, and others, to test the constitutionality of the act creating the city of Watervliet. Dismissed.

Louis W. Pratt, for plaintiff.

John H. Gleason, for defendant Day and other defendants.

John T. Cook (Eugene Burlingame, of counsel), for defendant Braman and other defendants.

CHESTER, J. The plaintiff seeks by this action to test the constitutionality of those portions of the act creating the city of Watervliet (chapter 905, Laws 1896) which relate to public instruction, and to recover his salary as superintendent of schools of the West Troy school district. The act above referred to, creating the city of Watervliet, contains a provision that the West Troy school district, which was created by chapter 881, Laws 1895, shall cease to exist from and after December 31, 1896. The board of education of that school district on August 14, 1895, by resolution, appointed the plaintiff superintendent of the district, to act during its pleasure, at the rate of $1,200 per

annum.   Pursuant to that appointment he acted as such superintendent down to and including the 31st day of December, 1896, and was paid for his services at the rate mentioned.    During the month of January, 1897, the plaintiff acted as superintendent of schools and secretary of the board of education of the city of Watervliet.   About February 1, 1897, he was appointed superintendent of schools, pro tempore, by the board for the month of February, 1897, and acted as such during that month.    He was paid his salary for the months of January and February, 1897, by the chamberlain of the city of Watervliet, upon the audit of its board of education.    He claims, however, that he is still the superintendent of schools of the West Troy school district, and that the defendants, who constituted the board of education of that district prior to the 31st day of December, 1896,—eight in number,—still constitute such board, notwithstanding the provisions of chapter 905, Laws 1896, abolishing that board and relating to public instruction in the city of Watervliet, which provisions he alleges are unconstitutional, and alleges that such defendants since the 31st day of December, 1896, have failed and neglected to exercise any of the powers or to perform any of the duties devolving upon them as the board of education of the West Troy school district, and that the defendants constituting such board have not since that date met as such board, nor paid the plaintiff his salary as superintendent of schools of that district, although requested so to do.

Even if it should be conceded for the purposes of this case that the provisions of the act creating the city of Watervliet, relating to public instruction therein, and which displaced the provisions of law creating the West Troy school district, are unconstitutional and void, as the plaintiff claims, still I think he cannot maintain this action. He does not allege that he is a taxpayer, nor make any attempt to bring his action within chapter 531, Laws 1881, as amended by chapter 673, Laws 1887, and chapter 301, Laws 1892, nor within section 1925, Code Civ. Proc., which are the provisions of law governing actions by taxpayers as such.    On the other hand, his counsel disclaims any intention of bringing the action under the taxpayers' acts, or for the benefit or on behalf of the public, and insists that it is brought to enforce a private right of the plaintiff.    The only relief demanded in the complaint touching a private right of the plaintiff is to have his salary paid.    He does not allege that he has performed any services as superintendent of schools under the authority of the board of education of the West Troy school district since January 1, 1897.    On the contrary, it is admitted that for the months of January and February, 1897, he acted as superintendent of schools of the city of Watervliet, and has been paid for such services by that city.   He makes no claim that the city owes him any salary for any services.    The only claim is against the West Troy school district.    He has rendered no services for that district since January 1, 1897, and his salary as superintendent has been paid by that district in full up to that date, which was the date, also, that he began to serve the city of Watervliet as superintendent of schools, as above stated.    With these facts confronting the plaintiff, he is not in a position to ask the court to say that it was unconstitutional for the legislature to abolish the West

Troy school district, as it has assumed to do in creating the city of Watervliet. Nor have we the right to assume that the school board of the abolished district, if it had not been lawfully swept out of existence, would have continued to employ the plaintiff. He alleges that that board has not met and has not performed any duties since December 31, 1896. That he has accepted this failure to act as evidence that the board did not choose longer to have him act as superintendent of the West Troy school district is shown by his voluntarily accepting employment from the 1st of January, 1897, under the board of education of the city of Watervliet, and receiving pay therefor from such city. When he accepted service under the new master he effectually, in my opinion, relinquished his claim for employment under the former master.

More than this, if the plaintiff has any right of action to enforce payment of his salary, it is a right based upon contract to be enforced in an action at law. Instead of pursuing that remedy, he has brought his action in equity, in violation of the rule that a court of equity cannot be called upon to grant relief to a party who, by his complaint and proof, shows that he has an adequate remedy at law. This disposes of the plaintiff's claim for salary, so far as this action is concerned, which, as we have seen, is the only matter personal to him involved in the action. The only other questions in the action are public questions, and they need not be discussed or determined, as the plaintiff has not sued as a taxpayer, nor has he alleged facts showing that any of the defendants contemplate any illegal action or any waste of public funds. The complaint is therefore dismissed, with one bill of costs to the defendants represented by Mr. Cook.

Complaint dismissed.